IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARGARET HILLEBRECHT, | ) CASE NO. 1:21-CV-00195-JRA |
| Plaintiff, | ) |
| | ) JUDGE JOHN R. ADAMS |
| vs. | ) |
| | ) MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) JONATHAN D. GREENBERG |
| | ) **REPORT & RECOMMENDATION** |
| Defendant. | ) |
| | ) |

Plaintiff, Margaret Hillebrecht ("Plaintiff"), challenges the final decision of Defendant, Andrew Saul, Commissioner of Social Security ("Commissioner"), denying her application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) & 423 ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2 for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. (Doc. No. 3.) For the reasons set forth below, it is recommended Plaintiff's IFP motion be DENIED.

**I.     Relevant Background**

On January 25, 2021, Plaintiff, through counsel, filed a Complaint challenging the final decision of the Commissioner denying her application for Social Security disability benefits. (Doc. No. 1.) A motion to proceed IFP was filed the same day. (Doc. No. 3.)

In her motion, Plaintiff reports her gross average monthly income from retirement (such as social security, pensions, annuities, or insurance) over the past 12 months is $829.00, while her spouse's gross average monthly income from retirement (such as social security, pensions, annuities, or insurance) over the past 12 months is $2,400.00, for a total of $3,229.00. (*Id.*) Plaintiff reports she and her spouse

1

expect to receive the same amounts in gross monthly income next month. (*Id.*) Plaintiff reports a total of $2,000.00 in cash and $2,000.00 in a checking account. (*Id.* at 2.) She also reports a home valued at $220,000. (*Id.*)

Plaintiff and her spouse's monthly liabilities total $3,444.00 consisting of: home mortgage payment ($850); utilities ($500); home maintenance ($100); food ($400); medical and dental expenses ($400); homeowner's insurance ($100); health insurance ($450); and motor vehicle insurance ($644). (*Id.* at 3-4.)

**II.     Law and Analysis**

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* (emphasis added).

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010). *See also Rice v. Comm'r of Soc. Sec.*, No. 5:18-cv-01220-PAG, 2018 WL 3145848, at *1 (N.D. Ohio May 30, 2018); *Coburn v. Comm'r of Soc. Sec.*, No.

1:18CV668, 2018 WL 2163843, at *1 (N.D. Ohio April 9, 2018); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct, 16, 2012); *Levet v. Comm'r of Soc. Sec.*, No. 1:14-CV-01378, 2014 WL 3508893, at *2 (N.D. Ohio July 15, 2014); *Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.") The decision whether to permit a litigant to proceed IFP is within the Court's discretion. *Id. See also Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013).

Here, Plaintiff's application reflects she and her spouse received an average gross income of $3,229.00 per month over the past twelve months and expect to receive the same next month. (Doc. No. 3 at 1-2.)

The Court recognizes Plaintiff reports her and her spouse's monthly liabilities exceed their gross monthly income by $215.00. (*Id.* at 3-4.) However, despite these expenses, Plaintiff still reports $2,000.00 in cash and $2,000.00 in a checking account. (*Id.* at 2.) In addition, Plaintiff and her spouse have equity in their home, valued at $220,000. (*Id.*) Thus, it does not appear the cost of filing would impose an undue hardship on Plaintiff. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander*, 2012 WL 5457466, at *2. Accordingly, it is recommended the Court find Plaintiff is not eligible to proceed IFP in this Court.

**III.    Conclusion**

For the foregoing reasons, it is recommended Plaintiff's Motion for Leave to Proceed IFP (Doc. No. 3) be DENIED.  It is further recommended that, if this Report & Recommendation is adopted, Plaintiff be ordered to pay the $400 filing fee within fourteen (14) days of the date of any such Order.


Date:  January 27, 2021                                       *s/ Jonathan Greenberg*
                                                              Jonathan D. Greenberg
                                                              United States Magistrate Judge